IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, (TDCJ-CID #1433741) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION V-18-0029 |
| DALE WAINWRIGHT, et al., Defendants. | § § § § | |

**MEMORANDUM AND OPINION**

Mark Cliff Schwarzer, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in May 2018, alleging civil rights violations resulting from a denial of due process. Schwarzer, proceeding pro se, sues Dale Wainwright, Chairman of the Texas Board of Criminal Justice; Lorie Davis, Director of the TDCJ-CID; Kelvin Scott, Director of the Administrative Review and Risk Management Division; Patricia Chapa, Assistant Regional Director of Region IV Director's Office of TDCJ-CID; Robert G. Beard, former Warden of the Stevenson Unit; Pamela C. Baros, Unit Grievance Investigator at the Stevenson Unit; and Travis L. White, correctional officer at the Stevenson Unit.

The threshold issue is whether Schwarzer's claims should be dismissed as frivolous. The Court concludes that Schwarzer's claims lack merit and should be dismissed for the reasons stated below.

**I.      Schwarzer's Allegations**

Schwarzer alleges that on January 21, 2018, he watched Officer White enter multiple cells to take dozens of bottles and jars. Officer White did not provide confiscation papers for any of the

property he had taken. When confronted about his actions, Officer White claimed the bottles were contraband because they had been altered from their original condition. Schwarzer referred Officer White to Texas Department of Criminal Justice policy regarding contraband. Schwarzer tried to explain the definition under state law, Penal Code § 38.114, which states: Contraband is any item provided by or authorized by the operator of the correctional facility that has been altered to accommodate a use other than the original intended use. Defendant White retrieved a copy of the TDC Disciplinary Guide, where contraband is defined as any item altered from its original condition which unreasonably hinders the safe and effective operation of the unit. Schwarzer argues that reusing a "juice" bottle for water does not risk the safety or security of the unit. Schwarzer complains that prison officials are constantly taking property from inmates in the guise of following orders.

Schwarzer asserts that Defendant Baros used the same reasoning in her response for the Step 1 Grievance. Since Schwarzer admitted the label was missing from his bottle, Defendant Baros alleged it was contraband. Schwarzer asserts that Defendant Beard approved the Step 1 response, thereby agreeing with the simple definition of contraband. Defendant Chapa provided this response to the Step 2 Grievance:

> Your complaint has been noted and appropriately addressed at Step One. 'Contraband' is altered, out-of-place, or an excess of authorized property, and any item an offender is prohibited to possess or obtain while in TDCJ custody, unless received by the offender as the result of a state or federal court order or legitimately through the litigation process. Staff followed proper policy and procedures as outlined in AD-03.72. No further action warranted.

Schwarzer asserts that the crux of the problem is the line in the Offender Orientation handbook. With wording so vague, it intentionally provides officers excessive leeway for the

2

discriminatory purpose of harassing inmates.

Schwarzer maintains that as Chairman of the Board, Defendant Wainwright is ultimately responsible for this situation by allowing his callous indifference to the rights of inmates. Schwarzer alleges that the arbitrary and capricious theft of inmate property is a violation of the right against unreasonable seizures under the Fourth Amendment, the deprivation of property without due process of law under the Fifth Amendment, and a due process violation under the Fourteenth Amendment of the United States Constitution.

Schwarzer further contends that the continual denial of relief via the Offender Grievance Procedures is a violation of the right to petition the government for a redress of grievances under the First Amendment and a procedural due process violation under the Fourteenth Amendment of the United States Constitution.

Schwarzer seeks the following relief:

(1) A declaration for Class Action Status to include all inmates of the Texas Department of Criminal Justice who have been incarcerated for nine months or more;

(2) A declaration that acts and omissions described herein violated plaintiffs' rights under the Constitution and Laws of the United States;

(3) A preliminary and permanent injunction ordering TDC to not transfer plaintiff Schwarzer from the Stevenson Unit or retaliate against him in any form whatsoever;

(4) A preliminary and permanent injunction ordering TDC to stop officers from taking property from inmates without legitimate penological concerns;

(5) A preliminary and permanent injunction ordering TDC to ensure officers write confiscation papers anytime they take property from inmates;

(6) A permanent injunction ordering TDC to properly investigate formal complaints, provide reasonable solutions, and acknowledge legitimate issues;

(7) A permanent injunction ordering TDCJ to comply with Penal Code § 501.008 regarding grievance procedures that may help inmates to substantiate their claims;

(8) A permanent injunction ordering TDCJ to clarify the definition for contraband in all appropriate documentation;

(9) A prospective declaration that any payments to plaintiffs as a result of this suit would not be used to pay any past debt or fees other than restitution per PLRA;

(10) Compensatory damages for each inmate in the amount of $10.00 for every year of their incarceration; and

(11) Punitive damages for each inmate in the amount of $30.00 for every year of their incarceration in TDCJ against defendants Davis, Wainwright, Chapa, and Scott, jointly and severally.

## II. Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The Court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. As a suit by a prisoner against a prison official, Schwarzer's complaint is clearly within the ambit of § 1915A. In *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998), the Fifth Circuit held that Section 1915A applies even

4

when a prisoner has paid the required filing fee.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III. The Due Process Claim

#### A. The Claim Based on a Deprivation of Property

An inmate's allegation that his property was lost or damaged, or its receipt delayed by a prison official, does not state a claim under 42 U.S.C. § 1983, even when the prison official acted intentionally. *Hudson v. Palmer,* 468 U.S. 517 (1984). In Texas, when an inmate's property is taken without compensation, he has a remedy in state court, not a federal court claim under 42 U.S.C. § 1983 for loss or damage to property, unless there is no post-deprivation remedy or the remedy is inadequate. *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984). Schwarzer has made neither of the required showings. His claim against the defendants lacks an arguable basis in law.

#### B. The Claim of an Inadequate Grievance System

Schwarzer alleges that the defendants violated his civil rights by failing to resolve the complaints presented in his grievances. "A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005) (internal citation and quotation omitted). An inmate does not have a constitutionally protected liberty interest in having

5

grievances resolved to his satisfaction. There is no due process violation when prison officials fail to do so. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Edmond v. Martin, et al.,* slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); *Thomas v. Lensing, et al.,* slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). The defendants' alleged failure to address the grievances to Schwarzer's satisfaction did not violate his constitutional rights. The excerpts from the grievance responses submitted by Schwarzer show that the defendants investigated his grievances and provided timely responses.

Schwarzer's due process claim based on an inadequate grievance procedure lacks merit.

### C. The Failure to Comply with Prison Regulations

Schwarzer further alleges that prison officials did not follow prison rules and regulations regarding the confiscation of inmate property.

Fifth Circuit case law is clear that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. *Giovanni v. Lynn,* 48 F.3d 908, 912-13 (5th Cir.), *cert. denied,* 516 U.S. 860 (1995); *Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994). Even assuming that officers violated TDCJ-CID regulations in confiscating inmate property, Schwarzer has failed to establish a violation of a constitutional right. Schwarzer has not shown that any errors during the confiscation of his property amount to a constitutional due process violation.

The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation. *Meyers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996). A prison official's failure to follow state regulations does not establish a constitutional violation. *See Jackson*

*v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989). Schwarzer's claim that his due process rights were violated by the failure of prison officials to comply with prison regulations lacks an arguable basis in law because, in light of *Sandin v. Conner*, 515 U.S. 472 (1995), Schwarzer has no created liberty interest in the regulations of the Texas Department of Criminal Justice - Correctional Institutions Division.

**IV.  Conclusion**

The action filed by Mark Cliff Schwarzer (TDCJ-CID Inmate #1433741) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A. Schwarzer's constructive motion for class certification to include all individuals currently incarcerated in the TDCJ-CID for nine months or longer is DENIED. Any remaining pending motions are DENIED as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159; and

(2) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Victoria, Texas, on December 6, 2018.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE