United States District Court
Southern District of Texas
**ENTERED**
November 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:18-CV-29 |
| | § | |
| DALE WAINWRIGHT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff is a Texas inmate appearing *pro se* who has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act as he "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.

For purposes of screening, the undersigned **RECOMMENDS** Plaintiff has stated a claim based on deprivation of property against TDCJ Correctional Institutions Director Bobby Lumpkin in his official capacity for injunctive relief only and against Officer Travis L. White in his individual capacity for monetary relief. The undersigned will order service on these Defendants. The undersigned further **RECOMMENDS** all of Plaintiff's claims against Patrick O'Daniel as well as Plaintiff's claim against Director Lumpkin for monetary relief be **DISMISSED with prejudice**.

**I.     JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

While Plaintiff is currently housed at the Duncan Unit in Diboll, Texas, his allegations arise in connection with his former housing assignment at the Stevenson Unit in Cuero, Texas. Plaintiff filed his original complaint on or about May 21, 2018, asserting, among other allegations, that on January 21, 2018, Officer White entered multiple cells taking dozens of bottles and jars from inmates claiming the bottles were contraband pursuant to TDCJ policy because they had been altered from their original condition. (D.E. 1). In a December 6, 2018 Memorandum and Opinion, United States District Judge Kenneth M. Hoyt dismissed all of Plaintiff's claims with prejudice pursuant to 28 U.S.C. 1915A. (D.E. 6). Plaintiff appealed this decision and on July 29, 2020, the United States Court of Appeals for the Fifth Circuit remanded this case solely for consideration of Plaintiff's deprivation of property claim. (D.E. 12). Plaintiff was then ordered to file an amended complaint, raising only his procedural and substantive due process claims related to his deprivation of property claim. (D.E. 13).

On October 12, 2020, Plaintiff filed an Amended Complaint asserting his remaining claim against (1) Patrick O'Daniel, Chairman of the Board of Criminal Justice, for "support[ing] a rule which is intentionally vague in violation of substantive due process;" (2) Bobby Lumpkin, TDCJ-CID Director, in both his official and individual

capacity for "support[ing] the rule that violates substantive and procedural due process;" and (3) Corrections Officer Travis L. White in his individual capacity for "confiscat[ing] dozens of water bottles without a legitimate purpose." (D.E. 14). In sum, Plaintiff asserts the contraband policy violates his due process rights because it is intentionally vague, does not serve any legitimate penological interest and permits theft of property without any recourse. (D.E. 14-1). Plaintiff requests monetary damages from all Defendants as well as injunctive relief.

### III. LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal courts are authorized to evaluate a complaint prior to or as soon as practicable after docketing and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (Section 1915A applies even when a prisoner has paid the required filing fee). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no "arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (citation omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

## IV. DISCUSSION

Plaintiff claims his due process rights were violated when Officer White confiscated his water bottles pursuant to TDCJ's contraband policy. A state actor's negligent or intentional deprivation of a prisoner's property, resulting from random and unauthorized action of that state actor, does not constitute a due process violation if there exists an adequate state post-deprivation remedy, which Texas has. *Zinermon v. Burch*, 494 U.S. 113, 115 (1990) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) and *Parratt v. Taylor*, 451 U.S. 527, 535-55 (1981)) (other citation omitted) (referred to below as the *Parratt/Hudson* doctrine); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1984).

However, as discussed by the Fifth Circuit in this case, the confiscation of a prisoner's property pursuant to a prison directive or policy is not a random or unauthorized act for purposes of the *Parratt/Hudson* doctrine, and therefore, the existence of an adequate post-deprivation state court remedy does not preclude a § 1983 action for a due process violation. (D.E. 12); *Schwarzer v. Wainwright*, 810 F. App'x 358, 359 (5th Cir. June 25, 2020); *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004). "Conduct is not 'random or unauthorized … if the state 'delegated to [the defendants] the power and authority to effect the very deprivation complained of.'" *Schwarzer*, 810 F. App'x at 359 (citing *Zinermon*, 494 U.S. at 138). Accordingly, in this case, the Fifth Circuit determined that as Plaintiff has alleged his property was confiscated pursuant to TDCJ policy, rather than a random, unauthorized act by a state employee, it was an abuse

of discretion for this case to be dismissed as frivolous pursuant to the *Parratt/Hudson* doctrine. *Id*. at 359-60; (D.E. 12-1, Page 3).

Therefore, the undersigned has considered the relevant law when property is confiscated pursuant to policy when reviewing Plaintiff's allegations. When a prisoner's property is confiscated pursuant to prison policy, the constitutional requirements of due process are satisfied when the prisoner is afforded ample notice and sufficient opportunity to object to the confiscation of his property by way of the prison grievance system. *Allen v. Thomas*, No. Civ.A. H-02-3132, 2005 WL 2076033, at *9 (S.D. Tex. Aug. 26, 2005). "Post-deprivation proceedings such as TDCJ's grievance procedures are adequate to satisfy these requirements with respect to the confiscation of property pursuant to prison regulations." *Matez v. Foley*, No. 2:17-cv-134-Z, 2020 WL 2926464, at *4 (N.D. Tex. June 3, 2020) (citing *Allen*, 2005 WL 2076033, at *9) (other citations omitted).

Plaintiff alleges he was unable to avail himself of the prison grievance system because officers are arbitrarily permitted to confiscate inmate property and are not required to provide any paperwork regarding the confiscations pursuant to the contraband policy. (D.E. 14-1, Pages 3 and 5). While it is possible Plaintiff was afforded sufficient opportunity to object to the confiscation of his property through the prison grievance procedure given the multiple grievances attached to his initial complaint, the undersigned recommends he has stated a due process claim for deprivation of property at this stage.

However, a suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S.

58, 71 (1989). The Eleventh Amendment bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities). Therefore, to the extent Plaintiff sues Director Lumpkin in his official capacity for monetary damages, those claims are barred by the Eleventh Amendment.

Plaintiff also seeks to bring a claim against Director Lumpkin in his individual capacity for monetary damages. Plaintiff names Lumpkin individually because of his supervisory role as Director. While Director Lumpkin may be the appropriate defendant to provide injunctive relief should Plaintiff prevail, Director Lumpkin is not a viable defendant in his individual capacity for monetary damages. Director Lumpkin had no personal involvement in the facts of this case. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). It is well established that a prison supervisor cannot be held liable for the misconduct of his or her subordinates. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Id.* at 303-04. *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th

Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

"Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677). The undersigned recommends, therefore, that Plaintiff's claims against Director Lumpkin in his individual capacity be dismissed.

Additionally, the undersigned recommends Plaintiff has failed to state a claim against Patrick O'Daniel in both his official and individual capacities. Plaintiff alleges Mr. O'Daniel, as Chairman of the Texas Board of Criminal Justice ("TBCJ"), "develops policy for the Texas Department of Criminal Justice…[and] it is his indifference to the rights of inmates that lays responsibility at his feet." (D.E. 14-1, Page 4). The TBCJ is immune from prosecution and Mr. O'Daniel cannot be sued under the Eleventh Amendment unless he had personal involvement in the alleged unconstitutional act, which Plaintiff has not alleged. *Ruiz v. Price*, 84 F. App'x 393, 395 (5th Cir. 2003).

## V.   CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** Plaintiff has stated a claim for deprivation of property against Director Bobby Lumpkin in his official capacity for injunctive relief and has also stated a claim for deprivation of

property against Officer Travis L. White in his individual capacity for monetary damages. The undersigned will order service on these Defendants. The undersigned further **RECOMMENDS** Plaintiff's claims against Patrick O'Daniel in their entirety and his claim for monetary damages against Bobby Lumpkin be **DISMISSED with prejudice**.

Respectfully submitted this 12th day of November 2020.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).