United States District Court
Southern District of Texas
**ENTERED**
February 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:18-CV-29 |
| | § | |
| DALE WAINWRIGHT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DENY DEFENDANT BOBBY LUMPKIN'S MOTION TO DISMISS

Plaintiff Mark Cliff Schwarzer, an inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant Bobby Lumpkin's Motion to Dismiss. (D.E. 20). For the reasons stated herein, it is respectfully recommended that the Court deny this motion.

### I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### II.   BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the Duncan Unit in Diboll,

Texas.  Plaintiff's allegations arise in connection with his previous housing assignment at the Stevenson Unit in Cuero, Texas.

Plaintiff filed his original complaint against: (1) Dale Wainwright, Chairman of the Texas Board of Criminal Justice; (2) Lorie Davis, Director of the TDCJ-CID; (3) Kelvin Scott, Director of the Administrative Review and Risk Management Division; (4) Patricia Chapa, Assistant Regional Director of Region IV Director's Officer of the TDCJ-CID; (5) Robert G. Beard, former Stevenson Unit Warden; (6) Pamala C. Baros; Unit Grievance Investigator (UGI) at the Stevenson Unit; and (7) Travis L. White, Officer at the Stevenson Unit.  Plaintiff alleged in relevant part that, on January 21, 2018, Officer White entered multiple cells taking dozens of bottles and jars from inmates claiming the bottles were contraband pursuant to TDCJ policy because they had been altered from their original condition. (D.E. 1).   Plaintiff sought declaratory, injunctive, and monetary relief.

In a December 6, 2018 Memorandum and Opinion, United States District Judge Kenneth M. Hoyt dismissed all of Plaintiff's claims with prejudice pursuant to 28 U.S.C. 1915A. (D.E. 6). On July 29, 2020, following an appeal, the Fifth Circuit Court of Appeals remanded this case solely for consideration of Plaintiff's deprivation of property claim as is related to procedure and substantive due process violations. (D.E. 12). Pursuant to the Fifth's Circuit's limited remand, the undersigned ordered Plaintiff to file an amended complaint, raising only his procedural and substantive due process claims in connection with the alleged deprivation of property.  (D.E. 13).

On October 12, 2020, Plaintiff filed an Amended Complaint asserting his remaining claim against (1) Patrick O'Daniel, Chairman of the Board of Criminal Justice, for "support[ing] a rule which is intentionally vague in violation of substantive due process;" (2) Bobby Lumpkin, TDCJ-CID Director, in both his official and individual capacity for "support[ing] the rule that violates substantive and procedural due process;" and (3) Officer White in his individual capacity for "confiscat[ing] dozens of water bottles without a legitimate purpose." (D.E. 14). Plaintiff asserts the contraband policy violates his due process rights because it is intentionally vague, does not serve any legitimate penological interest, and permits theft of property without any recourse. (D.E. 14-1). Plaintiff requests monetary damages from all Defendants as well as injunctive relief.

On November 12, 2020, the undersigned issued a Memorandum and Recommendation, recommending that the Court: (1) retain Plaintiff's claim for deprivation of property against Director Lumpkin in his official capacity for injunctive relief; (2) retain Plaintiff's claim for deprivation of property against Officer White in his individual capacity for monetary damages; and (3) dismiss the remaining claims and defendants with prejudice.  (D.E. 17).  The undersigned ordered service of Plaintiff's Amended Complaint on Defendants Lumpkin and White.  (D.E. 16).

On December 17, 2020, Director Lumpkin filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  (D.E. 20).  Plaintiff subsequently filed his response.  (D.E. 26).

### III. LEGAL STANDARD

Pursuant to Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1887 (2d Cir. 1996)). Lack of subject matter jurisdiction may be found in three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Id.* A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n*, 143 F.3d at 1010.

### IV. DISCUSSION

A motion to dismiss for lack of Article III standing is properly considered under Rule 12(b)(1). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (2011). Standing requires: "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

As "the party invoking federal jurisdiction," Plaintiff "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.  He must meet this burden "'with the manner and degree of evidence required at the successive stages of the litigation,'" which means that "on a motion to dismiss, plaintiffs must allege facts that give rise to a plausible claim of ... standing." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133–34 (5th Cir. 2009) (quoting *Lujan*, 504 U.S. at 561).

Director Lumpkin asserts that Plaintiff lacks standing to bring this lawsuit because he has plead nothing more than a conjectural or hypothetical injury and not an injury-in-fact.  (D.E. 20, pp. 3-4).  Directory Lumpkin contends Plaintiff has not plead that Officer White confiscated property from his cell or otherwise plead facts to link his property loss to Officer White's actions on January 21, 2018.  (D.E. 20, pp. 3-4).  Plaintiff responds that he has standing to challenge the policies allowing prison officials to walk into any area and take everyone's water bottles without justification.  (D.E. 26).

Plaintiff alleges in the Amended Complaint that Officer White confiscated dozens of waters bottles on January 21, 2018 from thirty cells pursuant to a contraband policy which violates his procedural and substantive due process rights.   (D.E. 14-1, p. 3).  While far from a model of clarity, it is implicit in Plaintiff's general allegations that Officer White confiscated a water bottle from Plaintiff on the same day under the contraband policy.[1]

---

[1] Plaintiff attached to his original complaint a Step 1 grievance in which he indicated that Officer White took his water bottle on January 21, 2018 on the basis that it was contraband.  (D.E. 1-1, pp. 2-3).

Plaintiff's allegations are sufficient at this stage in the proceedings to show: (1) a concrete or actual injury; (2) the existence of a causal condition between Officer White's conduct and Plaintiff's injury; and (3) a likelihood that a favorable decision will remedy Plaintiff through his requested monetary or injunctive relief.  Because Plaintiff's allegations give rise to a plausible claim of Article III standing, the undersigned respectfully recommends that Director Lumpkin's Rule 12(b)(1) Motion to Dismiss (D.E. 20) be denied.

## V.     RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Director Lumpkin's Motion to Dismiss (D.E. 20) be **DENIED**.

Respectfully submitted this 2nd day of February 2021.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).