UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:18-cv-00029 |
| BOBBY LUMPKIN; TRAVIS WHITE; and PATRICK O'DANIEL, | § § § § | |
| Defendants. | § | |

## ORDER FOR ADDITIONAL BRIEFING

Pending before the Court is the Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby on November 13, 2020 which screened *pro se* Plaintiff Mark Cliff Schwarzer's prisoner civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 17). In the M&R, Magistrate Judge Libby recommended that Plaintiff Mark Cliff Schwarzer be found to have stated a claim for injunctive relief based on deprivation of property against Defendant Bobby Lumpkin in his official capacity as Director of the Texas Department of Criminal Justice Correctional Institutions and a claim for monetary relief against Defendant Travis White in his individual capacity. (*Id.*). Magistrate Judge Libby further recommended dismissal with prejudice of Schwarzer's claims against Defendant Patrick O'Daniel and his claim for monetary relief against Defendant Lumpkin. (*Id.*).

The parties were provided proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); General Order No. 2002-13. Schwarzer received notice on November 24, 2020. (Dkt. No. 18). The deadline for the parties to file objections was fourteen days after being served with a copy of the M&R. 28

U.S.C. § 636(b)(1). No objections from the Defendants were filed. Schwarzer sent objections through the postal service on December 9, 2020, a day after the deadline. (Dkt. No. 19 at 16).

Under the prison mailbox rule, a *pro se* prisoner's pleading is deemed to have been filed on the date that the prisoner submits the pleading to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988)). The rule applies to Section 1983 cases, *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995), and for a *pro se* prisoner's written objections to a magistrate judge's report and recommendation. *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (*per curiam*).

If objections are timely, a federal court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). On the other hand, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition. Determining whether objections were timely filed is crucial for appellate purposes, since "[f]ailure to make timely objection to the magistrate's report prior to its adoption by the district judge may constitute a *waiver* of appellate review of the district judge's order." *Id.* (emphasis added).

Although Schwarzer signed his objections on December 8, 2020, the objections were postmarked on December 9. (Dkt. No. 19 at 15–16). Schwarzer does not specify when he gave the objections to prison authorities for mailing. In a somewhat similar case, the Fifth Circuit vacated a district court's dismissal of a *pro se* prisoner's petition and ordered the district court to determine whether the objections were timely filed given the prison mailbox rule. *See Walker v. Savers*, 583 F. App'x 474, 475 (5th Cir. 2014); *see also Rasberry*, 993 F.2d at 515–16. And in an

ongoing, separate Section 1983 action also initiated by Schwarzer, the Fifth Circuit recently remanded that case to this Court to determine whether Schwarzer's motion for reconsideration was timely filed in accordance with the prison mailbox rule. *Schwarzer v. Wainwright*, 830 F. App'x 451, 451–52 (5th Cir. 2020) (*per curiam*).

Therefore, the Court **ORDERS** the Parties to submit briefing on whether Schwarzer's objections were timely, considering the prison mailbox rule and the specific mailing procedures of the prison in which Schwarzer is incarcerated.[1] The Parties must file these briefs no later than June 3, 2021.

It is SO ORDERED.

SIGNED this May 3, 2021.

*(signature)*
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Fifth Circuit has held "that the burden is on the pro se prisoner to show when his pleading was tendered to prison officials for delivery to the court." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) (listing cases). Prison mail logs or affidavits may be used to prove a prisoner's assertion that pleadings were timely mailed. *Id.* Unsworn statements along with a lack of evidence as to when a prisoner submitted the pleadings to prison officials are unpersuasive. *See id.* at 413–14.