UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| MARK CLIFF SCHWARZER, § § § Plaintiff, § § v. § § BOBBY LUMPKIN; TRAVIS WHITE; § and PATRICK O'DANIEL, § § Defendants. § | Civil Action No. 6:18-cv-00029 |

MARK CLIFF SCHWARZER,

    Plaintiff,

v.

BOBBY LUMPKIN; TRAVIS WHITE;
and PATRICK O'DANIEL,

    Defendants.

Civil Action No. 6:18-cv-00029

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the November 12, 2020 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 17). In the M&R, Magistrate Judge Libby screened *pro se* Plaintiff Mark Cliff Schwarzer's prisoner civil rights action. The M&R recommends that two of Schwarzer's 42 U.S.C. § 1983 claims regarding deprivation of property survive screening: injunctive relief against Defendant Bobby Lumpkin in his official capacity and monetary relief against Defendant Travis White in his individual capacity. The M&R further recommends dismissal of Schwarzer's Section 1983 claims against Defendant Patrick O'Daniel in both his individual and official capacities as well as against Defendant Bobby Lumpkin for monetary relief in both his individual and official capacities.

The Court has conducted a *de novo* review of the M&R, the objections, the record, and the applicable law. *See* 28 U.S.C. § 636(b)(1)(C). A district court conducting *de novo* review "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* For the following reasons, the Court **ACCEPTS** the M&R as its Memorandum Opinion and Order.

## I.     OBJECTIONS TO A MEMORANDUM & RECOMMENDATION

The Parties were provided notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Schwarzer received notice on November 24, 2020. (Dkt. No. 18). The deadline for the Parties to file objections was fourteen days after being served with a copy of the M&R. 28 U.S.C. § 636(b)(1). The Defendants did not object. Schwarzer, on the other hand, sent objections that were postmarked on December 9, 2020—one day after the deadline of December 8, 2020. (Dkt. No. 19 at 16); *see also* (Dkt. No. 51 at 6).

The Court ordered briefing to determine whether Schwarzer's objections were timely under the prison mailbox rule. *See* (Dkt. No. 49); (Dkt. No. 51); (Dkt. No. 52); (Dkt. No. 53); (Dkt. No. 56); (Dkt. No. 58). Under this rule, a *pro se* prisoner's pleading is deemed "filed" on the date that the prisoner submits the pleading to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006). And this rule applies to Section 1983 cases, *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995), as well as a *pro se* prisoner's written objections to a magistrate judge's report and recommendation. *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (per curiam). A *pro se* prisoner carries the burden of showing "when his pleading was tendered to prison officials for delivery to the court." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019).

Schwarzer alleges that he timely submitted his objections to the prison mailbox on December 8, 2020. (Dkt. No. 51 at 2). Schwarzer explains that his objections were recorded as "received" on December 9, 2020, because prison mail is picked up "before mass movement on every business day" and logged on the day the mail is picked up. (*Id.*). Thus, mail that is dropped in the prison mailbox after the mail has already been picked up that morning will be logged the following business day. (*Id.*). The Defendants acknowledge that Schwarzer's description of logging prison mail is accurate. *See* (Dkt. No. 56 at 1–2). The Defendants even provide an affidavit from the Program Supervisor of the Mail System Coordinator Panel, who confirms:

> Plaintiff Schwarzer's understanding of how inmate mail is processed daily, Monday through Friday, is accurate to the extent that inmate mail deposited into the unit mailbox after the morning pick-up will not be collected until the next business day. For example, if an inmate deposits special correspondence before 8:00am on Tuesday, December 8, 2020, the mail will be gathered and logged in as received on Tuesday, December 8, 2020. If an inmate drops his special correspondence in the unit mailbox after the daily mail has been gathered on the unit on December 8, 2020, the inmate's special correspondence will not be gathered until the next business day which would be Wednesday, December 9, 2020. In this instance, the special correspondence will be logged in as received on December 9, 2020[.]

(Dkt. No. 56-1 at 3).

The Defendants disagree, however, that Schwarzer carried his burden to show that his objections were timely filed. Specifically, they argue, "Schwarzer's objections were postmarked on December 9, 2020 and the outgoing mail log attached to Schwarzer's brief shows that his objections were received in the mailroom on December 9, 2020." (Dkt. No.

3

52 at 2). Further, other than the December 9 mail log entry, Schwarzer does not provide evidence that "shows that his objections to the Magistrate [Judge's] M&R were placed in the prison mail system before December 9, 2020." (Dkt. No. 56 at 2). The Court disagrees.

The date affixed to Schwarzer's objections above his signature is December 8, 2020. (Dkt. No. 19 at 15). Schwarzer submitted an affidavit swearing that he deposited his objections in the prison mailbox on December 8. (Dkt. No. 51 at 2, 7). That same affidavit explains that, on the morning of December 9, he was isolated starting at 5:00 a.m. and was then transported outside the prison for medical care—all well before the normal morning pick up. *Compare* (*Id.*) *with* (Dkt. No. 56-1 at 3). As a result, Schwarzer attests, the only possible way that his objections could have been recorded as "received" on December 9 is if he submitted them to the prison mailbox on December 8 after the mail was picked up that morning. (Dkt. No. 51 at 2, 7). These statements, in turn, are consistent with the mail collection practices described by the Program Supervisor of the Mail System Coordinator Panel. *See* (Dkt. No. 56-1 at 3). Examined together, these facts constitute more than a bare assertion that the filing was mailed on time. *Cf. Duran*, 934 F.3d at 413 (comparing the inmate's untimely filing with his other timely filings, which showed a "processing date [that] either matches or is within one day of the date [the inmate] signed the filing"); *Schwarzer v. Wainwright*, No. 6:18-cv-00034 (S.D. Tex. Aug. 11, 2021), ECF No. 38 (finding that Schwarzer timely deposited a motion in the prison mailbox based on his affidavit and the mail-processing system).

4

Therefore, the Court **FINDS** that Schwarzer timely deposited his objections in the prison mailbox on December 8, 2020.[1]  Accordingly, the Court will conduct *de novo* review.  *See* 28 U.S.C. § 636(b)(1)(C).

## II.  BACKGROUND

While he is currently assigned to the Texas Department of Criminal Justice Correctional Institutions Division's ("TDCJ-CID") Duncan Unit in Diboll, Texas, Schwarzer's allegations arise out of his former assignment at the Stevenson Unit in Cuero, Texas.  *See* (Dkt. No. 19 at 2, 6); *see also* (Dkt. No. 17 at 2).  Schwarzer filed his Original Complaint against numerous individuals working for or with TDCJ-CID.  (Dkt. No. 1).  Primarily, Schwarzer alleged that on January 21, 2018, Officer White confiscated dozens of bottles and jars from inmates in their cells claiming they were "contraband" under TDCJ policy.  (*Id.*).  Schwarzer sought declaratory, injunctive, and monetary relief.  (*Id.*).

In a December 6, 2018 Memorandum and Opinion, United States District Judge Kenneth M. Hoyt dismissed Schwarzer's claims with prejudice under 28 U.S.C. § 1915A.  (Dkt. No. 6).  On July 29, 2020, following an appeal, the Fifth Circuit Court of Appeals remanded this case solely for consideration of Schwarzer's deprivation of property claim as it is related to procedural and substantive due process violations.  (Dkt. No. 12).  Following the Fifth's Circuit's limited remand, Magistrate Judge Libby ordered Schwarzer to file an amended complaint to raise only his "procedural due process claim for deprivation of property and substantive due process claim regarding the utilization

---

[1]  Had the Court concluded the objections were untimely filed, the Court would still adopt the M&R because there was no plain error.

of an intentionally vague rule." (Dkt. No. 13 at 3). This order warned that "[a]ny allegations raised by [Schwarzer] in his amended complaint seeking to raise claims other than the procedural due process and substantive due process claims identified above will be DISREGARDED." (*Id.* at 3–4).

On October 12, 2020, Schwarzer filed an Amended Complaint seeking monetary and injunctive relief as to three defendants. (Dkt. No. 14). Specifically, he asserts claims against (1) Patrick O'Daniel, Chairman of the Texas Board of Criminal Justice ("TBCJ"), in both his official and individual capacities, for "support[ing] a rule which is intentionally vague in violation of substantive due process"; (2) Bobby Lumpkin, TDCJ-CID Director, in both his official and individual capacities, for "support[ing] the rule that violates substantive and procedural due process"; and (3) Officer White in his individual capacity for confiscating "water bottles without a legitimate purpose." (*Id.* at 3); (Dkt. No. 14-1). Thereafter, the case was reassigned to the undersigned. (Dkt. No. 15).

On November 12, 2020, Magistrate Judge Libby issued an M&R. (Dkt. No. 17). Schwarzer timely filed his objections. (Dkt. No. at 19).[2] Thus, the M&R is ripe for review.

## III. LEGAL STANDARD

The Magistrate Judge screened Schwarzer's live pleading under 28 U.S.C. § 1915A. Section 1915A provides that a federal court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[2] Without seeking permission, Schwarzer filed a Second Amended Complaint on January 19, 2021. (Dkt. No. 25). On February 2, 2021, Magistrate Judge Libby struck the Second Amended Complaint. (Dkt. No. 28). Schwarzer appealed. (Dkt. No. 31). The Court addresses Schwarzer's appeal by separate order.

governmental entity." 28 U.S.C. § 1915A(a). A court may then dismiss a claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Section 1915A applies even when a *pro se* prisoner pays the filing fee. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Schwarzer has paid the filing fee.[3]

"A complaint that 'lacks an arguable basis either in law or in fact' is frivolous." *Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989)). Claims that fall under Section 1915A(b)(1) are analyzed "using the same standard applied under Federal Rule of Civil Procedure 12(b)(6)." *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399 (5th Cir. 2020). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *DeMarco v. Davis*, 914 F.3d 383, 386 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949). But a court should be mindful that a *pro se* pleading "is to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (internal quotation omitted).

---

[3] 28 U.S.C. § 1915, which governs *in forma pauperis* proceedings, does not apply in this case because Schwarzer paid the filing fee.

7

## IV. REVIEW OF THE OBJECTIONS

Schwarzer raises three main objections to the M&R. First, as to Officer White, Schwarzer argues that the Magistrate Judge improperly assumed the TDCJ grievance procedures are an adequate remedy. (Dkt. No. 19 at 7–8). Second, Schwarzer argues Director Lumpkin is not entitled to Eleventh Amendment immunity. (*Id.* at 8–9). Third, Schwarzer argues Chairman O'Daniel is also not entitled to Eleventh Amendment immunity. (*Id.* at 10–12).[4] The Court addresses each objection in turn.[5]

## V. DISCUSSION

### A. THE CLAIM AGAINST OFFICER WHITE

Schwarzer asserts a deprivation of property claim under Section 1983 in that Officer White confiscated "jars and water bottles" from thirty cells on January 21, 2018, pursuant to TDCJ's allegedly unconstitutional contraband policy. (Dkt. No. 14 at 3); (Dkt. No. 14-1 at 3–4). Magistrate Judge Libby recommends Schwarzer's deprivation of property claim against Officer White in his individual capacity survive screening even though it may have been *possible* the prison grievance procedure afforded Schwarzer a

---

[4] Schwarzer also takes issue with limiting his allegations to the Stevenson Unit or Defendant White. (Dkt. No. 19 at 1, 6–7). The Court, however, is not at liberty to contravene the Fifth Circuit's limiting instructions on remand. *See Schwarzer v. Wainwright*, 810 F. App'x 358, 360 (5th Cir. 2020) (per curiam) ("[W]e vacate that portion of the district court's order dismissing Schwarzer's claim based on the deprivation of property and remand for further proceedings . . . . Otherwise, we affirm the district court's judgment.").

[5] Schwarzer appears to raise new claims in his objections. *See, e.g.*, (Dkt. No. 19 at 6) ("It was also a violation of the Fourth Amendment."). However, it is improper to consider new claims that are raised for the first time in an objection to a magistrate judge's memorandum and recommendation. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also Sivertson v. Citibank, N.A.*, 390 F. Supp. 3d 769, 780 (E.D. Tex. 2019). Moreover, Magistrate Judge Libby warned Schwarzer that additional claims would be disregarded. *See* (Dkt. No. 28 at 3–4); (Dkt. No. 33).

8

"sufficient opportunity to object to the confiscation of his property[.]" (Dkt. No. 17 at 5). Despite Magistrate Judge Libby's recommendation in Schwarzer's favor, Schwarzer objects, arguing that the Court has improperly assumed the TDCJ grievance procedures are an adequate remedy. (Dkt. No. 19 at 7–8). Magistrate Judge Libby merely cited case law that TDCJ's grievance procedures, generally, are adequate to satisfy the "opportunity to object." (Dkt. No. 17 at 5). Magistrate Judge Libby said nothing about whether these procedures were available to Schwarzer. *See* (*Id.*). The Court agrees that Schwarzer's claim against Officer White in his individual capacity should survive screening.

Section 1983 is the appropriate vehicle for asserting a procedural due process claim for deprivation of property when the deprivation "is caused by conduct pursuant to established state procedure, rather than random and unauthorized action." *Schwarzer v. Wainwright*, 810 F. App'x 358, 359 (5th Cir. 2020) (per curiam) (quoting *Hudson v. Palmer*, 468 U.S. 517, 532, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984)); *accord Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (reversing the district court's dismissal under the *Parratt/Hudson* doctrine because the property was "confiscated under the authority of a prison administrative directive" rather than an "unauthorized act by a state employee"). When asserting a claim for deprivation of property pursuant to official prison policy, "[t]he constitutional requirements of due process are satisfied when Plaintiff is afforded [1] ample notice and [2] sufficient opportunity to object to the confiscation of his property, such as through the prison grievance system." *Matez v. Foley*, No. 2:17-CV-134-Z, 2020 WL 2926464, at *4 (N.D. Tex. June 3, 2020) (citing *Allen v. Thomas*, No. H-02-3132, 2005 WL 2076033, at *9 (S.D. Tex. Aug. 26, 2005)) (numeration added); *see also Evans v. Baker*,

9

442 F. App'x 108, 110 (5th Cir. 2011) (per curiam) (concluding a *pro se* prisoner received due process "when he received *notice* of the basis for the confiscation of the subject property and a fair *opportunity to rebut* the allegations concerning his ownership of the property at the hearing and in his grievances" (emphases added)).

Here, it is plausible that the constitutional requirements for due process were not satisfied when Officer White confiscated property pursuant to an established policy. Schwarzer pleads that he was not afforded a sufficient opportunity to object—the second due-process requirement—because "inmates are unable to challenge a taking, especially when no confiscation papers are provided." (Dkt. No. 14-1 at 4). Schwarzer also appears to plead that he did not receive ample notice—the first due-process requirement—because the officers can and do arbitrarily confiscate property under the policy. For example, Schwarzer explains that Defendant White "confiscated dozens of water bottles without a legitimate purpose." (Dkt. No. 14 at 3). Schwarzer further details that the policy, in practice, provides "officers excessive leeway to harass/abuse inmates," as evidenced by Defendant White's January 21, 2018 confiscation. (Dkt. No. 14-1 at 3). Construing Schwarzer's pleadings liberally, the Court agrees with Magistrate Judge Libby and holds that Schwarzer's claim against Officer White in his individual capacity survives screening.

**B.    CLAIMS AGAINST DIRECTOR LUMPKIN**

Next, the M&R recommends: (1) that Schwarzer's claim for injunctive relief against Director Lumpkin in his official capacity survive screening;[6] (2) that Schwarzer's claim for damages against Lumpkin in his official capacity be dismissed under the Eleventh Amendment; (3) and that Schwarzer's claim for damages against Lumpkin in his individual capacity be dismissed because he is not personally involved in this case. (Dkt. No. 17 at 5–6).  Schwarzer objects to the second and third recommendations, arguing Director Lumpkin should be aware of the purported violations by nature of his position and years of experience.  (Dkt. No. 19 at 8–10).  Schwarzer asserts that Director Lumpkin allowed the policy to continue and condoned the policy by failing to act.  (*Id.* at 9).  Schwarzer's arguments miss the mark.

"Generally, state sovereign immunity precludes suits against state officials in their *official* capacities." *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020) (citing *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019)) (emphasis added).  Relevant here, Eleventh Amendment immunity applies to TDCJ officers acting in their official capacities.  *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).  With respect to monetary damages, "absent waiver by the State or valid congressional override, the Eleventh Amendment *bars a damages action* against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (emphasis added).  Indeed,

---

[6]    As the M&R notes, Director Lumpkin "may be the appropriate defendant to provide injunctive relief" in the event Schwarzer prevails.  (Dkt. No. 17 at 6).  No Party objects to this recommendation, and the Court adopts it in full.

11

the screening statute serves to bar claims that "seek[ ] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

The Court begins with Schwarzer's monetary claim against Director Lumpkin in his official capacity. As discussed in the M&R, Schwarzer's Section 1983 claim against Director Lumpkin in his official capacity is barred by the Eleventh Amendment insofar as he seeks monetary relief. A suit against a state official in his official capacity is effectively brought against the State of Texas. *See Graham*, 473 U.S. at 169, 105 S.Ct. at 3107. And there is no indication that Texas has waived its Eleventh Amendment immunity as to damages. *See Union Pac. R.R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) ("[W]aiver is present if the state voluntarily invokes federal-court jurisdiction or if it makes a 'clear declaration' that it intends to submit to federal jurisdiction." (citation omitted)). Thus, Director Lumpkin in his official capacity is entitled to Eleventh Amendment immunity for any claim for monetary damages.

The Court next turns to Schwarzer's claim against Director Lumpkin in his individual capacity. "Section 1983 does not create supervisory or *respondeat superior* liability." *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (quoting *Oliver*, 276 F.3d at 742). Rather, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). This is problematic for Schwarzer's claim as he fails to plausibly allege that Director Lumpkin was personally involved in the confiscation of his water bottles. Instead, Schwarzer focuses on Director Lumpkin's general awareness, position, years of experience, and failure to correct the behavior of the officers. *See* (Dkt. No. 19 at 8–9). But a prison supervisor cannot be held

12

liable for the misconduct of his or her subordinates. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). These allegations do not rise to the level of personal involvement, as "[m]ere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *See Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677, 129 S.Ct. at 1949). Put simply, there is no *respondeat superior* liability under Section 1983 simply because another officer may have acted in an unlawful manner. *See Thompkins*, 828 F.2d at 303. The Court thus agrees that Schwarzer has failed to state a claim against Director Lumpkin in his individual capacity.

### C. CLAIMS AGAINST CHAIRMAN O'DANIEL

Lastly, the M&R concludes that Schwarzer "has failed to state a claim against Patrick O'Daniel in both his official and individual capacities." (Dkt. No. 17 at 7). As to Schwarzer's claim against Chairman O'Daniel in his official capacity, Magistrate Judge Libby reasons that Chairman O'Daniel is entitled to Eleventh Amendment immunity because Schwarzer's live pleading omits any connection or involvement to the alleged unconstitutional acts. (Dkt. No. 17 at 7). Likewise, Magistrate Judge Libby recommends dismissal of Schwarzer's claim against Chairman O'Daniel in his individual capacity because there are no allegations of personal involvement. *See* (*Id.*). Schwarzer objects, arguing Chairman O'Daniel is not entitled to Eleventh Amendment immunity because he assumed responsibility for enforcement of the unconstitutional conduct and authorized the policy. (Dkt. No. 19 at 10–12). Schwarzer's arguments are unpersuasive.

*Ex parte Young* provides "an equitable exception to Eleventh Amendment sovereign immunity . . . [that] allows plaintiff to sue a state official, in his official capacity, in seeking to enjoin enforcement of a state law [or policy] that conflicts with federal law." *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515 (5th Cir. 2017) (citing *Ex parte Young*, 209 U.S. 123, 155–56, 159–160, 28 S.Ct. 441, 452–54, 52 L.Ed. 714 (1908)). But *Ex parte Young* only applies when the state official has "some connection to the state law's *enforcement*, which ensures that the suit is not effectively against the state itself." *Abbott*, 961 F.3d at 400 (cleaned up) (emphasis added). O'Daniel, as Chairman of the TBCJ, is immune from suit under the Eleventh Amendment—barring any *Ex parte Young* exception—because the TBCJ is a state actor. *See Air Evac*, 851 F.3d at 515. Crucially, Schwarzer has failed to sufficiently allege that O'Daniel has the requisite connection to the enforcement of the TDCJ contraband policy to satisfy the *Ex parte Young* exception to Eleventh Amendment immunity. O'Daniel's passive involvement by simply filling the role as Chairman of the TBCJ is not enough for injunctive relief. Even if the TBCJ is the policymaking arm of the TDCJ, as Schwarzer alleges, (Dkt. No. 14-1 at 4), that alone does not render Chairman O'Daniel amenable to suit. *See Haverkamp v. Linthicum*, 6 F.4th 662, 670 (5th Cir. 2021) (concluding a state official's role in promulgating a policy does not render the official "suable *under Ex parte Young*" because promulgation, "standing alone, is not the power to enforce that policy").

Under these circumstances, a suit against Chairman O'Daniel in his official capacity is "effectively [a suit] against the state itself." *See Abbott*, 961 F.3d at 400; *see also*

14

*Graham*, 473 U.S. at 169, 105 S.Ct. at 3107. Therefore, Schwarzer's claim against Chairman O'Daniel in his official capacity is barred by the Eleventh Amendment.

Schwarzer's claim for monetary damages against Chairman O'Daniel is also subject to dismissal, albeit on different grounds. As with Director Lumpkin, Schwarzer fails to allege any personal involvement on behalf of Chairman O'Daniel. At best, O'Daniel's position as the TBCJ Chairman establishes proximity because the TBCJ "develops policy." (Dkt. No. 14-1 at 4). But even if Chairman O'Daniel knew of or acquiesced to the policy, this alone is insufficient to rise to the level of "personal involvement"—"an essential element of a civil rights cause of action." *See Steele*, 709 F.2d at 382. There are no plausible allegations of affirmative participation by Chairman O'Daniel himself, which dooms Schwarzer's Section 1983 claim. *See id.*; *Doe*, 2015 WL 5737666, at *9. Thus, the Court dismisses Schwarzer's claim against Chairman O'Daniel in his individual capacity.[7]

## VI. CONCLUSION

After conducting *de novo* review of the M&R, the Court's **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order. Accordingly,

It is therefore **ORDERED** that Schwarzer's Section 1983 claims for monetary damages against Defendant Patrick O'Daniel and Defendant Bobby Lumpkin in their individual capacities are **DISMISSED WITH PREJUDICE**.

---

[7] Schwarzer briefly insinuates that a further amended complaint would help clarify his claims. *See* (Dkt. No. 19 at 13). As the Court explained, Magistrate Judge Libby denied Schwarzer's attempts to amend. *See* (Dkt. No. 28); (Dkt. No. 33).

It is further **ORDERED** that Schwarzer's Section 1983 claims for monetary damages against Defendant Patrick O'Daniel and Defendant Bobby Lumpkin in their official capacities are **DISMISSED WITHOUT PREJUDICE**.[8]

It is further **ORDERED** that Schwarzer's Section 1983 claim for injunctive relief against Defendant Patrick O'Daniel is **DISMISSED WITHOUT PREJUDICE**.

It is finally **ORDERED** that the following Section 1983 claims regarding deprivation of property proceed to the next stage of litigation: (1) injunctive relief against Defendant Bobby Lumpkin in his official capacity; and (2) monetary damages against Defendant Travis White in his individual capacity.

It is SO ORDERED.[9]

---

[8] The M&R recommended the claims subject to dismissal be dismissed *with* prejudice. The Supreme Court recently clarified that Section 1915A(b)—the screening statute—does not "deprive courts of the ability to dismiss those suits without prejudice." *See Lomax v. Ortiz-Marquez*, ___ U.S. ___, ___, 140 S.Ct. 1721, 1725, 207 L.Ed.2d 132 (2020). In other words, dismissal under Section 1915A(b) does not necessarily require dismissal with prejudice. In this case, the claims implicating the Eleventh Amendment are dismissed *without* prejudice because the Eleventh Amendment deprives the Court of subject matter jurisdiction. *See Planned Parenthood Gulf Coast, Inc. v. Phillips*, 5 F.4th 568, 577 (5th Cir. 2021) (observing that "the Eleventh Amendment generally deprives federal courts of jurisdiction" over certain suits); *United States v. Texas Tech Univ.*, 171 F.3d 279, 285 n.9 (5th Cir. 1999) ("While the Supreme Court has left this question open, [the Fifth Circuit] has repeatedly referred to the Eleventh Amendment's restriction in terms of subject matter jurisdiction."). Claims that are dismissed for lack of subject matter jurisdiction are dismissed without prejudice. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

[9] Magistrate Judge Libby separately recommends the Court deny Director Lumpkin's Motion to Dismiss, (Dkt. No. 20). (Dkt. No. 27). The Court will address this recommendation by separate order.

Signed on September 28, 2021.

                                                                       *(signature)*

                                                                       **DREW B. TIPTON**
                                                     **UNITED STATES DISTRICT JUDGE**