United States District Court
Southern District of Texas
**ENTERED**
October 04, 2021
Nathan Ochsner, Clerk

UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  TEXAS
VICTORIA  DIVISION

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL  ACTION  NO. 6:18-CV-29 |
| | § | |
| DALE  WAINWRIGHT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM  AND  RECOMMENDATION
## TO DENY  PLAINTIFF'S  RULE  60(b) MOTION

Plaintiff Mark Cliff Schwarzer, an inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion seeking relief pursuant to Federal Rule of Civil Procedure 60(b).  (D.E. 57).  For the reasons stated herein, it is respectfully recommended that the Court deny this motion.

## I.    BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the Duncan Unit in Diboll, Texas.  Plaintiff's allegations arise in connection with his previous housing assignment at the Stevenson Unit in Cuero, Texas.

Plaintiff filed his original complaint against: (1) Dale Wainwright, Chairman of the Texas Board of Criminal Justice; (2) Lorie Davis, Director of the TDCJ-CID; (3)

Kelvin Scott, Director of the Administrative Review and Risk Management Division; (4) Patricia Chapa, Assistant Regional Director of Region IV Director's Officer of the TDCJ-CID; (5) Robert G. Beard, former Stevenson Unit Warden; (6) Pamala C. Baros; Unit Grievance Investigator (UGI) at the Stevenson Unit; and (7) Travis L. White, Officer at the Stevenson Unit.   Plaintiff alleged in relevant part that, on January 21, 2018, Officer White entered multiple cells taking dozens of bottles and jars from inmates claiming the bottles were contraband pursuant to TDCJ policy because they had been altered from their original condition. (D.E. 1).  Plaintiff sought to bring this case as a class action.   He further sought declaratory, injunctive, and monetary relief.

At the time Plaintiff filed this action, it was assigned to United States District Judge Kenneth M. Hoyt.  In a December 6, 2018 Memorandum and Opinion, Judge Hoyt dismissed all of Plaintiff's claims with prejudice pursuant to 28 U.S.C. 1915A. (D.E. 6). On July 29, 2020, following an appeal, the Fifth Circuit Court of Appeals remanded this case solely for consideration of Plaintiff's deprivation of property claim as is related to procedure and substantive due process violations. (D.E. 12).   On October 2, 2020, pursuant to the Fifth's Circuit's limited remand, the undersigned ordered Plaintiff to file an amended complaint, raising only his procedural and substantive due process claims in connection with the alleged deprivation of property.  (D.E. 13).

On October 12, 2020, Plaintiff filed an Amended Complaint asserting his remaining claim against (1) Patrick O'Daniel, Chairman of the Board of Criminal Justice, for "support[ing] a rule which is intentionally vague in violation of substantive due process;" (2) Bobby Lumpkin, TDCJ-CID Director, in both his official and individual

capacity for "support[ing] the rule that violates substantive and procedural due process;" and (3) Officer White in his individual capacity for "confiscat[ing] dozens of water bottles without a legitimate purpose." (D.E. 14). Plaintiff asserts the contraband policy violates his due process rights because it is intentionally vague, does not serve any legitimate penological interest, and permits theft of property without any recourse. (D.E. 14-1). Plaintiff requests monetary damages from all Defendants as well as injunctive relief.

On October 28, 2020, the Clerk of Court issued a Notice reassigning this case to United States District Judge Drew B. Tipton. (D.E. 15). The docket report contains an entry recognizing that Judge Hoyt was no longer assigned to the case.

On November 12, 2020, the undersigned issued a Memorandum and Recommendation (November 12, 2020 M&R), recommending that the Court: (1) retain Plaintiff's claim for deprivation of property against Director Lumpkin in his official capacity for injunctive relief; (2) retain Plaintiff's claim for deprivation of property against Officer White in his individual capacity for monetary damages; and (3) dismiss the remaining claims and defendants with prejudice. (D.E. 17). The undersigned ordered service of Plaintiff's Amended Complaint on Defendants Lumpkin and White. (D.E. 16). On September 28, 2021, Judge Tipton accepted the November 12, 2020 M&R as the Court's Memorandum Opinion and Order. (D.E. 62).

On December 17, 2020, Director Lumpkin filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (D.E. 20). On February 2, 2021, the undersigned issued a Memorandum and Recommendation (February 2, 2021 M&R),

recommending that the Court deny Director Lumpkin's Motion to Dismiss.  (D.E. 27).

On September 28, 2021, Judge Tipton accepted the February 2, 2021 M&R as the Court's

Memorandum Opinion and Order.  (D.E. 63).

## II.    DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure sets out the following grounds

for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable

neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an

opposing party; (4) the judgment is void; (5) satisfaction, discharge, or release of the

judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

Plaintiff asserts pursuant to Rules 60(b)(3) and 60(b)(4) that

judge Hoyt and the undersigned lacked authority to issue various decisions in this

case.  (D.E. 57, pp. 1-2).  Plaintiff argues that neither Judge Hoyt nor the undersigned

were properly assigned to this case. As such, Plaintiff asks the Court to: (1) void every

order or judgment issued in this case; (2) reinstate the class action certification; (3)

remove Plaintiff from the Three Strikes List; (4) order Judge Hoyt and the undersigned to

reimburse Plaintiff for court fees; and (5) notify the Judicial Counsel so that an

investigation may be undertaken.  (D.E. 57, p. 2).

Plaintiff's arguments in his Rule 60(b) motion are without merit.  First, Plaintiff's

case is presently pending, and there is no final judgment to attack in a Rule 60(b) motion.

More importantly, court records reflect that Judge Hoyt was initially assigned this case

when it was filed in May 2018 and that he was the presiding district judge until the case

was reassigned to Judge Tipton on October 28, 2020.  (D.E. 15).  Accordingly, all of

Judge Hoyt's rulings issued from May 2018 through October 28, 2020 were proper. Court records further reflect that Judge Hoyt issued no decisions in this case after October 28, 2020.

Pursuant to the Court's Standing Order of Referral, signed by Judge Tipton on July 14, 2020, odd-numbered prisoner civil rights actions are automatically referred to the undersigned to "preside over all pre-trial matters, rule on non-dispositive motions, and shall furnish a recommendation on all dispositive motions, consistent with 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure." (Special Order No. V-2020-07). Thus, when this odd-numbered case was reassigned to Judge Tipton on October 28, 2020, it was automatically referred to the undersigned for case management and making recommendations on dispositive motions.

Court records reflect that the undersigned issued an order on October 2, 2020, a few weeks before the case was reassigned from Judge Hoyt to Judge Tipton. It does not appear that this case had been referred to the undersigned for case management at that time. Nevertheless, Plaintiff has failed to show that he was prejudiced by the undersigned's October 2, 2020 Order. As noted above, that order merely directed Plaintiff to file an amended complaint consistent with the Fifth Circuit's limited remand. (D.E. 13).

Other than this one exception in which Plaintiff was not prejudiced, the presiding district judges and the undersigned have acted with the proper authority in issuing the various orders and recommendations in this action. Plaintiff, therefore, has failed to establish that he is entitled to any relief pursuant to Rules 60(b)(3) and 60(b)(4).

## III.    RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Rule 60(b) motion (D.E. 57) be **DENIED**.

Respectfully submitted this 4th day of October, 2021.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE  TO  PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).