UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:18-cv-00029 |
| | § | |
| BOBBY LUMPKIN; TRAVIS WHITE; | § | |
| and PATRICK O'DANIEL, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is *pro se* Plaintiff Mark Cliff Schwarzer's appeal, (Dkt. No. 31), of United States Magistrate Judge Jason B. Libby's February 2, 2021 Order. (Dkt. No. 28). For the foregoing reasons, the Court **AFFIRMS** the February 2, 2021 Order.

A federal district court "may reconsider" a magistrate judge's pretrial order if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 also provides in relevant part:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy . . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) ("A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'").

Without seeking the Court's permission, Schwarzer filed a Second Amended Complaint on January 19, 2021. (Dkt. No. 25). On February 2, 2021, Magistrate Judge Libby struck the Second Amended Complaint because Schwarzer did not first seek leave under Rule 15(a) and otherwise sought to expand upon the Fifth Circuit's limited remand. (Dkt. No. 28 at 3-4). Schwarzer acknowledged receipt of the February 2, 2021 Order on February 10. (Dkt. No. 30). Fourteen days later, Schwarzer submitted an objection. (Dkt. No. 31). Thus, Schwarzer's objection was timely filed. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [magistrate judge's non-dispositive] order within 14 days after being served with a copy.").

In his objection, Schwarzer solely appeals the February 2, 2021 Order. Schwarzer argues the order "is not in accordance with the decision from the Circuit Court" because his deprivation of property claim "is clearly a Fourth Amendment claim." (Dkt. No. 31 at 2). He further argues that the proposed amendment "only expounds on the legitimate issues raised" and "does not add constitutional claims." (*Id.* at 2-3). Schwarzer does not address Rule 15(a).

Schwarzer has not shown that Magistrate Judge Libby's order was clearly erroneous or contrary to law. Magistrate Judge Libby struck the Second Amended Complaint because Schwarzer did not first seek leave under Rule 15(a). (Dkt. No. 28 at 3). Rule 15(a) states that a "party may amend its pleading once as a matter of course

2

within 21 days after serving it . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Schwarzer, upon filing his Second Amended Complaint, did not obtain the Court's leave. Schwarzer acknowledged as much when he subsequently filed a Motion for Leave, (Dkt. No. 32), which Magistrate Judge Libby denied. (Dkt. No. 33). Further, there is no indication that Schwarzer obtained the Defendants' written consent. Accordingly, the February 2, 2021 Order was not clearly erroneous or contrary to law. *Cf. Refuge Temple Ministries, Inc. v. Jp Morgan Chase Bank, NA*, No. 13-1773, 2014 WL 12537165, at *2 (S.D. Tex. Jan. 24, 2014) (granting an unopposed motion to strike because the plaintiff did not seek leave of court before filing an amended complaint).

The Court **AFFIRMS** Magistrate Judge Jason B. Libby's February 2, 2021 Order. (Dkt. No. 28).

It is SO ORDERED.

Signed on October 12, 2021.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**