United States District Court
Southern District of Texas
**ENTERED**
June 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:18-CV-00029 |
| | § | |
| BOBBY LUMPKIN; TRAVIS WHITE; | § | |
| and PATRICK O'DANIEL, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the October 4, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 64). In the M&R, Magistrate Judge Libby recommends that the Court deny *pro se* Plaintiff Mark Cliff Schwarzer's Rule 60(b) Motion. (Dkt. No. 57).

The Parties received proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1). Schwarzer filed timely objections. (Dkt. No. 72). As a result, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Relevant here, a court must liberally construe *pro se* filings. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam). The Court has conducted *de novo* review of the portions of the M&R to which the Objections were made, the record, and the applicable law. After careful review, the Court **ACCEPTS** the M&R.

I.  **DISCUSSION**

Magistrate Judge Libby recommends that the Court deny Schwarzer's Rule 60(b) Motion. With the exception of his own October 2, 2020 order to file an amended complaint (the "October 2020 Order"), Magistrate Judge Libby determines that the orders and recommendations in this case were issued by judges who were properly assigned to the case. (Dkt. No. 64 at 4–5). This includes actions by District Judge Kenneth M. Hoyt (who was originally assigned to the case), Magistrate Judge Libby, and the undersigned (who was assigned to the case on October 28, 2020). As to the October 2020 Order, Magistrate Judge Libby concludes that Schwarzer has failed to show that he was prejudiced by the order, which "merely directed [Schwarzer] to file an amended complaint consistent with the Fifth Circuit's limited remand." (*Id.* at 5).

Schwarzer raises two objections. First, he maintains that Magistrate Judge Libby lacked subject matter jurisdiction to order Schwarzer to file an amended complaint because he "had not been assigned to the case[.]" (Dkt. No. 72 at 2–3). Second, Schwarzer contends that he was prejudiced by the recommendations and orders in this case. (*Id.* at 4–6).

A.  **JURISDICTION**

Schwarzer claims that Magistrate Judge Libby did not have subject matter jurisdiction to issue his October 2020 Order, which directed Schwarzer to file an amended complaint. (*Id.* at 3). Schwarzer contends this means "the first amended complaint must be struck from the record" and "[w]ithout the complaint, all subsequent actions are meaningless." (*Id.*). Magistrate Judge Libby acknowledges that his October 2020 Order

2

was issued before the case had been referred to him but concludes that Schwarzer failed to show that he was prejudiced by the order.  (Dkt. No. 64 at 5).

Magistrate Judge Libby's October 2020 Order was a nondispositive pretrial order. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b).  When a magistrate judge issues a nondispositive pretrial order or makes recommendations under Section 636(b), "defects in the order of referral are procedural matters" rather than jurisdictional matters.[1]  *United States v. Bolivar-Munoz*, 313 F.3d 253, 256 (5th Cir. 2002); *cf. United States v. Azure*, 539 F.3d 904, 907–10 (8th Cir. 2008).  Objections to such defects "can be waived if not properly preserved."  *Bolivar-Munoz*, 313 F.3d at 256.  "[W]hen analyzing a challenge to the district judge's delegation of authority to a magistrate judge pursuant to § 636(b), the 'dispositive question' is whether the duty assigned to a magistrate judge is 'subject to meaningful review' by a district judge."  *Id.* (quoting *Jones v. Johnson*, 134 F.3d 309, 311 (5th Cir. 1998)).

Though it was a procedural error for Magistrate Judge Libby to issue the October 2020 Order before the case was referred, the order was still "subject to meaningful review by the district judge."  *See id.* at 257.  Indeed, Schwarzer complied with the order by filing an amended complaint shortly after the order was issued.  (Dkt. No. 14).  Magistrate Judge Libby reviewed the amended complaint under the screening provisions of the Prison Litigation Reform Act and issued a memorandum and recommendation concerning Schwarzer's amended complaint.  (Dkt. No. 17) (citing 28 U.S.C. § 1915A).

---

[1]   By contrast, a district court's referral to a magistrate judge under 28 U.S.C. § 636(c)(1), which allows the magistrate judge to enter final judgment and requires consent of the parties and special designation by the district judge, is a jurisdictional matter.  *Hill v. City of Seven Points*, 230 F.3d 167, 168 (5th Cir. 2000).

3

Schwarzer filed objections to that memorandum and recommendation, (Dkt. No. 19), and the undersigned reviewed both the memorandum and recommendation as well as Schwarzer's objections before issuing an order accepting the memorandum and recommendation. (Dkt. No. 62). This constitutes meaningful review by the district judge. *See Bolivar-Munoz*, 313 F.3d at 257.

Further, Schwarzer did not object to Magistrate Judge Libby's October 2020 Order until filing this Rule 60(b) Motion—approximately nine months later. This objection was untimely. *See* Fed. R. Civ. P. 72(a) (stating that a party has 14 days to file objections to nondispositive orders by a magistrate judge). "A party may not assign as error a defect in the order not timely objected to." *Id.*

Because Magistrate Judge Libby's memorandum and recommendation screening Schwarzer's amended complaint was subject to meaningful review by the undersigned and because Schwarzer failed to timely object to Magistrate Judge Libby's October 2020 Order, Schwarzer forfeited his right to raise this procedural defect as a basis for subsequent relief. *See Bolivar-Munoz*, 313 F.3d at 257. Accordingly, the Court overrules this objection.

**B.     PREJUDICE**

In the section of his Objections concerning prejudice, Schwarzer explains why he has been prejudiced by past recommendations and orders in this case. (Dkt. No. 72 at 4–6). This objection boils down to nothing more than Schwarzer's disagreement with these recommendations and orders. Schwarzer's Objections provide no basis for finding

4

prejudice because of Magistrate Judge Libby's October 2020 Order. *See* (*id.*). Accordingly, the Court overrules this objection.

## II.  CONCLUSION

For these reasons, the Court **ACCEPTS** the M&R as the opinion of the Court. The Court **DENIES** Plaintiff Mark Cliff Schwarzer's Rule 60(b) Motion. (Dkt. No. 57).

It is SO ORDERED.

Signed on June 21, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**